


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAN JETT, KENNETH LAGUNA, and CARIANNE MUSIC, INC.,

Plaintiffs,

-against-

THOMAS FICARA d/b/a REACH ENTERTAINMENT, et al.,

Defendants.

04 Civ. 9466 (RMB)(HBP)

**ORDER**

## I. Background

On June 29, 2007, United States Magistrate Judge Henry B. Pitman, to whom the question of damages in this default proceeding had been referred, issued a Report and Recommendation ("Report"), recommending that Joan Jett, Kenneth Laguna, and Carianne Music, Inc. (collectively, "Plaintiffs") be awarded judgment against Thomas Ficara and Reach Entertainment, Inc. (collectively, "Defendants") "jointly and severally, in the amount of $250,000." (Report at 22.)[1]

[1] Plaintiffs' complaint named seven defendants: Thomas Ficara d/b/a Reach Entertainment, Reach Entertainment, Inc., MSI Music Corp. d/b/a MSI of Miami ("MSI"), Super D d/b/a Super D/Phantom Distribution ("Super D"), Entertainment UK Ltd., Sony Entertainment UK, and Bertus Distributie ("Bertus"). (See Complaint at 1.) By order dated February 25, 2005, the Court dismissed the action with respect to Defendant MSI. (See Order dated Feb. 25, 2005.) By order dated September 7, 2005, Defendant Super D was terminated from the action pursuant to a stipulation of settlement. (See Order of Discontinuance dated Sept. 7, 2005.) By order dated September 20, 2005, Defendant Entertainment UK Ltd. was terminated from the action pursuant to a stipulation of settlement. (See Order of Discontinuance dated Sept. 20, 2005.) By order dated July 30, 2007, Defendant Sony Entertainment UK was terminated from the action pursuant to notification to the Court that Plaintiffs had reached a settlement with Sony Entertainment UK. (See Order of Discontinuance dated July 30, 2007.)

On October 14, 2005, the Court entered default judgment against Defendant Bertus and referred the question of damages to Judge Pitman; the issue is still pending. (See Default Judgment dated Oct. 14, 2005, at 2, 5; Order of Judge Pitman dated June 25, 2007.)

The Report advised that "the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections." (Report at 22.) As of the date of this Order, no party has filed objections to the Report.

**For the reasons stated below, the Report is adopted in all respects.**

## II. Standard of Review

In reviewing a magistrate judge's report and recommendation, the Court may adopt those sections of the report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Grassia, 892 F.2d at 19; Santana, 476 F. Supp. 2d at 302.

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference. The Court has conducted a review of the Report (and applicable legal authorities) and concludes that the Report is not clearly erroneous and is, in fact, supported by the law in all respects. See Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Pitman calculated damages pursuant to 17 U.S.C. § 504(c)(1)–(2), which states that in "a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2); (see also Report at 18–22.) Judge Pitman appropriately concluded that Defendants willfully "infringed two albums to which [P]laintiffs owned the copyrights — Bad Reputation and I Love Rock 'N' Roll," and properly determined that Plaintiffs "are entitled to an award of statutory damages of

$125,000 for each infringed work." (Report at 20, 21); see Sony Pictures Home Entm't, Inc. v. Chetney, No. 06 Civ. 227, 2007 WL 655772, at *2–*3 (N.D.N.Y. Feb. 26, 2007).

**IV. Conclusion and Order**

For the foregoing reasons, the Court adopts the Report in its entirety. The Court respectfully requests that the Clerk of the Court enter judgment for Plaintiffs against Thomas Ficara and Reach Entertainment, Inc., jointly and severally, in the amount of $250,000. The Clerk is further directed to close this case.

Dated: New York, New York
July 31, 2007



**RICHARD M. BERMAN, U.S.D.J.**